No. 563

STATE ex UNIVERSAL DESTRUCTOR CO.

v. WIEGAND

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8078.    Decided May 16, 1927.

747. MANDAMUS—1. A writ of mandamus will not issue where discretionary power is vested, unless such power is exercised flagrantly and by gross abuse of sound discretion.

2. Mandamus will not lie to compel Mayor, in his capacity of ex officio Director of Public Works, to execute a contract when charter provides that he execute same in the name of the city, such contract then to be approved by council; when in fact, the council first awarded the contract without execution by the Director.

First Publication of this Opinion

SULLIVAN, PJ.

This was an action in mandamus brought in the Cuyahoga Common Pleas to compel Edward A. Wiegand, the Mayor of the City of Lakewood, in his capacity as ex officio Director of Public Works, to execute a contract with the Universal Destructor Co. the terms of which provide for the building of a garbage crematory.

The city council upon re-consideration of the bids, awarded the contract for the construction of the crematory to the Universal Co. and Wiegand refused to execute the contract, he claiming that the council had no authority to award the bid.    Both, the council and the Mayor, claim authority under the provisions of the charter for their respective acts.    The Court of Appeals in refusing the writ, held:—

1. A fair and reasonable interpretation of the charter of the City of Lakewood is that the executive power and the legislative power are separate and distinct legal entities; and each is confined to its own duties and obligations under the charter, separately and distinctly from the executive branch, only when the terms of the charter itself prescribe joint duties.

2. The serious contention lies in the interpretation of the language found in Article 5 of the charter and which is in part:— "All such contracts shall be executed in the name of the city by the director of public works and approved by the council, and shall be entered into only with the lowest best bidder after public competitive bidding."

3. These words are easy of comprehension and mean that the agreement shall be executed by the Director of Public Works in the name of the city and should be signed by him.    In other words, the Director becomes a party to the contract.

4. Therefore, the Director of Public Works is powerless, even though he has a right to sign the name of the municipality by himself as director, unless the contract has the approval of the legislative body, to-wit: the city council.

5. It is the act of the council in approving the contract that gives binding force to its terms; but it is the Mayor, in his capacity as ex officio Director of Public Works, that merges the agreement into a legal entity called a contract, and until approval by the council is made of this contract, the terms thereof are only conditional but the Director has the sole power to make the terms and execute the contract concerning them.

6. Under the charter, the approval of the council is subsequent to the execution of the contract on the part of the Director.    To reverse this position would be equivalent to doing away with the approval of the instrument which must reach the stages of a contract before the duty of approval is incumbent upon the council; and for the Company to demand the writ because the council awarded the bid, disposes of the necessity of approval, for the reason that the award of the bid was an approval, for the reason that the award of the bid was an approval in advance of the signing of the contract on part of the Director.

7. A writ of mandamus will not issue when discretionary power is vested, unless it is exercised flagrantly and by gross abuse of sound discretion.    The contract in question is one which the Director of Public Service did not execute and there is no contract unless he has executed it, which contract is of no legal effect until approved by the council.

8. The provisions of the charter do not stipulate a contract of the character upon which the Company relies, and since the Director has the discretionary power in any event, mandamus will not lie.

Judgment affirmed.

(Vickery and Levine, JJ. concur.)

Attorneys—R. G. Curren for Company, Wm. L. David, Director of Law, for Wiegand; all of Cleveland.